IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN TYRELL WESTBROOKS, | : | 1:17-cv-01721 |
| Petitioner, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| MARK CAPOZZA, *et al.*, | : | |
| Respondents. | : | Hon. Susan E. Schwab |

# ORDER

### January 28, 2020

**AND NOW**, upon consideration of the Report and Recommendation of Chief United States Magistrate Judge Susan E. Schwab, (Doc. 28), recommending that the petition for writ of habeas corpus be denied because Petitioner's claims are not entitled to habeas corpus relief, and noting that Petitioner filed objections, objects (Doc. 30), to the report[1] and the Court finding Judge Schwab's analysis to be thorough, well-reasoned, and fully supported by the record, and the Court

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id*. (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

1

further finding Petitioner's objections to be without merit,[2] **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Chief Magistrate Judge Schwab (Doc. 28) is **ADOPTED** in its entirety.

2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge

---

[2] Generally, Petitioner expresses his disagreement with the Chief Magistrate Judge's recommendations but does not present any new legal arguments that cause us to depart from the Magistrate Judge's appropriate reasoning and correct conclusions. We will therefore only discuss the single objection in which Petitioner poses a new argument. In that objection, Petitioner opposes Chief Judge Schwab's finding that any potential *Miranda* violations resulting from his interrogation by police on November 18, 2010 were harmless error not meriting habeas relief. Petitioner contends that the government waived that harmless error finding by failing to address it in their briefing. (Doc. 30 at 15). We disagree. We cannot grant habeas relief absent a showing of some prejudice to the Petitioner, and his protestations to the contrary fall short. At its core, any successful habeas petition must establish that the potential trial error "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Indeed, "we may grant relief *only if* we have a "grave doubt" as to whether the error at trial had a substantial and injurious effect or influence." *Johnson v. Lamas*, 580 F.3d 119, 133 (3d. Cir. 2017) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)) (emphasis added). We will not ignore an integral aspect of our habeas analysis because the parties' supposedly failed to fully address the prejudicial nature, or lack thereof, of the alleged error. Chief Magistrate Judge Schwab thoroughly reviewed the evidence in Petitioner's case and correctly determined that there was substantial additional evidence establishing the Petitioner's guilt, including the testimony of two eyewitnesses who saw Petitioner commit his crime. (Doc. 28 at 27). We therefore reject Petitioner's procedural argument and will find that any potential error resulting from the admission of the November 18 interrogation was harmless and does not merit habeas relief.